**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4585-19T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ALQUAN R. MUSLIM, a/k/a
ALTON BRYANT, TONY
BRYANT, ALQON BRYANT,
and BRYANT MCNIGHT,

     Defendant-Appellant.

_____

Submitted October 27, 2020 – Decided  November 5, 2020

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 96-11-3839.

Joseph E. Krakora, Public Defender, attorney for appellant (Rebecca Fisher, Assistant Deputy Public Defender, of counsel and on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the Law Division's July 10, 2020 order denying his motion to amend his sentence and permit his release for medical reasons pursuant to Rule 3:21-10(b)(2). We affirm.

Following a trial, the jury convicted defendant of a number of offenses, including murder, aggravated assault, and possession of a weapon for an unlawful purpose. On November 12, 1997, the judge imposed an aggregate sentence of life in prison, plus a consecutive term of twenty-three years, with thirty-seven-and-one-half years of parole ineligibility.

In May 2020, defendant filed a motion under Rule 3:21-10(b)(2) to reduce his sentence. Defendant suffers from a number of different medical conditions that required him to be hospitalized earlier this year "for profound multifactorial shock and multi end organ failure." At that time, his treating physician did not believe defendant would survive.

However, defendant's condition dramatically improved over the course of his treatment and he was returned to the prison, where it is contemplated that he will soon be able to re-enter the general population. Defendant filed his motion due to the COVID-19 pandemic because he believed that his medical conditions placed him at risk of contracting this disease.

A-4585-19T4

An inmate seeking release from custody under Rule 3:21-10(b)(2) has the burden of establishing the grounds for effectuating release by making two showings.  First, the inmate must establish that a "change of circumstances" has led to a "severe depreciation" of the inmate's health since the time of the original sentence.  State v. Wright, 221 N.J. Super. 123, 127 (App. Div. 1987).  Second, the inmate must demonstrate that "medical services unavailable at the prison" are "essential to prevent further deterioration of [the inmate's] health."  State v. Priester, 99 N.J. 123, 135 (1985).

Our Supreme Court has found that "the worldwide pandemic that has afflicted New Jersey and its prison system amounts to a change in circumstances under the [Rule.]"  In re Request to Modify Prison Sentences, 242 N.J. 357, 379 (2020).  But, "the nature of the inmate's illness and the effect of continued incarceration on his health" remain a necessary "predicate for relief" under Rule 3:21-10(b)(2).  Ibid.  (quoting Priester, 99 N.J. at 135).  In addition, the trial court must consider and weigh "the nature and severity of the crime, the severity of the sentence, the criminal record of the defendant, the risk to the public if the defendant is released, and the defendant's role in bringing about his current state of health."  Priester, 99 N.J. at 137.

Applying these factors, the trial judge denied defendant's motion for release under Rule 3:21-10(b)(2). In keeping with the Supreme Court's recent decision in In re Request to Modify Prison Sentences, the judge ruled that the ongoing pandemic constituted the change of circumstances mandated by the Rule. However, the judge found that defendant failed to establish that his medical condition required his release from custody.

In this regard, the judge noted that defendant's condition dramatically improved with the treatment he received, which primarily occurred during the height of the pandemic. Defendant still needs ongoing physical therapy and cardiology follow-ups, but these services are available at the prison and through "telehealth." While defendant's treating physician opined that "telehealth" was "suboptimal," he admitted that the prison's course of treatment was "technically adequate." In addition, defendant would be re-admitted to the hospital if his condition required it.

The judge also considered the other Priester factors, including the fact that defendant was serving a life sentence for murder. The judge found that defendant has a "significant" prior criminal history, including two parole violations, which strongly weighed against granting his motion. Under these

4

circumstances, the judge concluded that defendant failed to meet the <u>Priester</u> standards.  This appeal followed.

On appeal, defendant argues that "[t]he trial court committed reversible error in denying defendant's <u>Rule</u> 3:21-10(b)(2) motion."  We disagree.

A sentencing amendment under <u>Rule</u> 3:21-10(b)(2) "must be applied prudently, sparingly, and cautiously."  <u>Priester</u>, 99 N.J. at 135.  The disposition of a motion brought under this <u>Rule</u> "is an extension of the sentencing power," and "is committed to the sound discretion of the [trial] court."  <u>Ibid.</u>

Having considered defendant's arguments, which are identical to those he unsuccessfully raised before the trial judge, we affirm for the reasons expressed in the judge's thorough oral decision.  Because defendant failed to satisfy the burden necessary to effectuate his release under <u>Rule</u> 3:21-10(b)(2), the judge properly applied his discretion in denying the motion.[1]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Because the judge correctly denied defendant's motion under the <u>Priester</u> standards, we need not address the State's alternate argument that the judge could have also denied it because defendant has not yet completed the mandatory period of parole ineligibility required by the Legislature for his murder conviction.  <u>See</u> <u>State v. Mendel</u>, 212 N.J. Super. 110, 113 (App. Div. 1986) (holding that "a sentence cannot be changed or reduced under <u>Rule</u> 3:21-10(b) below the parole ineligibility term required by statute").

A-4585-19T4